APPEAL NUMBERS 20-2943 & 20-2944

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellee

V.

JERRY ZWEITZIG,
Appellant

REPLY BRIEF FOR APPELLANT

Appeal from Judgment in a Criminal Case Entered in the
United States District Court for the Eastern District of Pennsylvania
at Criminal Numbers 19-00311-1 & 20-00153-1, on September 23, 2020,
by Honorable Wendy Beetlestone

CHRISTY MARTIN
Assistant Federal Defender

BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 540 West – The Curtis
601 Walnut Street
Philadelphia, PA  19106
(215) 928-1100

# **TABLE OF CONTENTS**

**PAGE**

Table of Authorities ........................................................................ iii

Argument ........................................................................................ 1

### I.

The District Court did not acknowledge or respond to Mr. Zweitzig's arguments regarding the unwarranted disparity of a 2,400-month sentence, his age as it related to each of the sentencing factors, or why a lesser sentence would not be sufficient to achieve the purposes of sentencing. ......................................................................... 1

Discussion ...................................................................................... 1

A.    The issues here are preserved and the Court should once again reject the government's efforts to rewrite *United States v. Flores-Mejia*. ... 2

B.    The court did not acknowledge or respond to Mr. Zweitzig's disparity argument, or his arguments as to the impact of his age on the sentencing factors. ............................................................ 4

1.    The unwarranted disparity of a 2,400-month sentence. ............ 4

2.    The defense did not simply argue for "mercy," but made valid legal arguments about application of the sentencing factors. ... 7

### II.

Because the sentence of 2,400-months was not based on an appropriate and judicious consideration of the sentencing factors, and is far greater than necessary to achieve the purposes of sentencing, it is substantively unreasonable. ..................................................................... 9

Conclusion ...................................................................................... 12

Certificate of Bar Membership

## **TABLE OF CONTENTS - continued**

Certification

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                               **PAGE(s)**

*Rita v. United States*,
  551 U.S. 338 (2007) .................................................................. 4, 7, 8

*United States v. Ausburn*,
  502 F.3d 313 (3d Cir. 2007) ................................................. 8

*United States v. Begin*,
  696 F.3d 405 (3d Cir. 2012) ................................................. 8

*United States v. Doe*,
  617 F.3d 766 (3d Cir. 2010) ................................................. 9

*United States v. Flores-Mejia*,
  759 F.3d 253 (3d Cir. 2014) ............................................. 2, 8

*United States v. Fumo*,
  655 F.3d 288 (3d Cir. 2011) ................................................. 8

*United States v. Goff*,
  501 F.3d 250 (3d Cir. 2007) ............................................... 10

*United States v. Goode*,
  700 F. App'x 100 (3d Cir. 2017) ......................................... 3

*United States v. Grier*,
  475 F.3d 556 (3d Cir. 2007) ............................................... 11

*United States v. Jones*,
  740 F.3d 127 (3d Cir. 2014) ................................................. 8

*United States v. MacEwan*,
  445 F.3d 237 (3d Cir. 2006) ............................................... 10

*United States v. Melendez*,
  55 F.3d 130 (3d Cir. 1995) ................................................... 4

*United States v. Merced*,
  603 F.3d 203 (3d Cir. 2010) ................................................. 8

*United States v. Negroni*,
  638 F.3d 434 (3d Cir. 2011) ................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**                                                 **PAGE(s)**

*United States v. Olhovsky*,
   562 F.3d 530 (3d Cir. 2009) ............................................................. 10

*United States v. Stull*,
   760 F. App'x 109 (3d Cir. 2019) ....................................................... 7

*United States v. Zhinin*,
   815 F. App'x 638 (3d Cir. 2020) ....................................................... 3

**FEDERAL STATUTES**                                             **PAGE(s)**

18 U.S.C. § 3553 .................................................................... 5, 9, 10, 11

**OTHER AUTHORITIES**                                            **PAGE(s)**

United States Sentencing Commission, *2019 Sourcebook of Federal Sentencing Statistics* (2019) ............................................................... 15

# **ARGUMENT**

## **I.**

**The District Court did not acknowledge or
respond to Mr. Zweitzig's arguments regarding
the unwarranted disparity of a 2,400-month
sentence, his age as it related to each of the
sentencing factors, or why a lesser sentence
would not be sufficient to achieve the purposes
of sentencing.**

### Discussion

The district court did not acknowledge or respond to counsel's arguments in
support of a lower sentence—the unwarranted disparity of a 2,400-month sentence,
or the impact of Mr. Zweitzig's age on the needs of general and specific
deterrence, protection of the public, and the parsimony provision.  The government
itself all but concedes that this sentence is—by definition—greater than necessary
to achieve the goals of sentencing in openly admitting that, "[i]t is not clear how
[Mr. Zweitzig] believes [his argument] helps him, given that a sentence of 100
years in this case would surely be a life sentence as well."  Gov. 39.

Unable to direct this Court to any part of the record in which the district
court did acknowledge or respond to the arguments put forth, the government
instead seeks to diminish and delegitimize valid defense arguments by labeling
them a caricature "senior citizen discount" request, and dismissing the instant
challenge to a 2,400-month sentence as one made only because if a lower sentence

is imposed, "they believe Zweitzig might survive it."  Gov. 24, 47.  This "what

does it matter anyway" characterization ignores the solemnity of sentencing and

the critical role of the statutory sentencing factors in maintaining the validity and

integrity of the federal sentencing system.

A.    **The issues here are preserved and the Court should once again reject the government's efforts to rewrite *United States v. Flores-Mejia*.**

To begin, the government contends that Mr. Zweitzig's objection to the

district court's sentencing explanation was deficient, but cites no authority in

support of that argument.  Defense counsel's objection, which specifically cited

this Court's controlling decision in *United States v. Flores-Mejia*, 759 F.3d 253 (3d

Cir. 2014) (*en banc*), was perfectly clear: the district court failed to "sufficiently

consider [her] arguments."  Appx134.

The government does not dispute that Mr. Zweitzig's counsel, prior to

making her objection, had made only two principal arguments, one based on

unwarranted disparity and the other on the impact of Mr. Zweitzig's age on the

needs of sentencing, both of which counseled a lower sentence.  Accordingly, there

was no confusion about which "arguments" defense counsel was referring to, and

the district court judge was not confused.  Counsel's objection was plainly

sufficient.

Rather than concern over notice and opportunity for the court to correct an

error, the government appears more concerned with augmenting the *Flores-Mejia*

2

and Rule 51 requirements in an effort to secure plain error review on preserved issues.[1]  This effort has already been rejected by at least one panel of the Court in *United States v. Zhinin*, 815 F. App'x 638 (2020) (unpublished).  In *Zhinin*, counsel lodged an objection similar to the one here, "that [the court had] not considered the arguments of defense counsel" and citing to *Flores-Mejia*.  The panel found that this objection "provided sufficient notice to the District Court of the alleged procedural error" and "preserved his procedural argument on appeal," explaining that, "[r]ather than requiring an itemized list of each procedural error, we made clear in *Flores-Mejia* that a party intending to challenge a sentence must object following its imposition to give the sentencing court 'the opportunity to rectify any error.'"[2]  *Id*. at 641, n.3.  The government's argument should be rejected here as well.  *See also United States v. Goode*, 700 F. App'x 100, 102 (3d Cir. 2017) (unpublished) (rejecting government's argument that defendant did not preserve his issue relating to the district court's delay in holding a revocation

---

[1]  *See* Fed. R. Cr. P. 51 ("A party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection.").

[2]  The panel also found "no merit" to the government's allegation that "the Federal Community Defender Office for the Eastern District of Pennsylvania routinely cites *Flores- Mejia* in bad faith to preserve any issue on appeal."  *Id*.  It is regrettable that the government continues here to lodge unfounded attacks on defense counsel, and inexplicable in cases such as this where the objection itself could not be more clear.

hearing because he did not file a formal motion to dismiss); *United States v. Melendez*, 55 F.3d 130, 133 (3d Cir. 1995) (rejecting government's argument that defendant needed to "formally argue[ ] to the district court that the government's 5K1.1 departure motion empowered the court to depart below the 10-year statutory minimum[,]" where "the district court clearly understood" what the defendant was seeking and acceptance of the government's argument would "elevate form over substance."). Here, as in *Zhinin*, *Goode,* and *Melendez*, the district court and the government well understood the meaning of defense counsel's objection and, as such, the objection fulfilled the requirements of *Flores-Mejia* and Rule 51.

**B.    The court did not acknowledge or respond to Mr. Zweitzig's disparity argument, or his arguments as to the impact of his age on the sentencing factors.**

The government first sets up a straw man by emphasizing that the district court gave a lengthy explanation at sentencing.  Gov. 37.  There has been no suggestion that the court did not explain its sentence, the issue is whether the court acknowledged or responded to the arguments put forth by the defense.  It did not. Second, the government presses its standard, groundless claim that *Rita v. United States*, 551 U.S. 338 (2007), supports affirming the sentence below.  It does not.

*1.    The unwarranted disparity of a 2,400-month sentence.*

The government argues that the district court considered and rejected Mr. Zweitzig's unwarranted disparity argument in its observation that it must "look to

4

the need to avoid unnecessary sentencing disparities, and obviously I have my

Guidelines range that I can look to in order to determine that." Gov. 38; Appx127.

This argument must fail, because the court did not contemplate a recommended

Guideline range of "life," but instead a range of 2,400 months, and also because it

did not consider the clear disparity demonstrated in the defense argument and

submission.

First, the court did not explain, and the government has never put forth, a

basis for suggesting that 2,400 months is a valid proxy for a Guideline range of

"life." The Guidelines do not quantify "life" and nowhere contemplate 2,400

months as an equivalent.[3] Yet that is the assumption that the government put forth,

and the court appears to have incorrectly adopted.[4] While there may be even a

---

[3] As pointed out in Appellant's brief, the United States Sentencing Commission uses 470 months as a numerical proxy for life sentences based on the average offender age and life expectancy. United States Sentencing Commission, *2019 Sourcebook of Federal Sentencing Statistics* (2019), Appx. A at 203. Br. at 21, note 8.

[4] The calculated Guideline range in this case was life. The government repeatedly refers to the instant sentence as a Guideline sentence of life, without ever grappling with the sentence actually imposed. Gov. 24 ("The government then presented argument, asking the court to impose 'the *functional equivalent of a life* sentence which is recommended by the guidelines.'"); Gov. 28 ("for a total term of 2,400 months' incarceration, which was *consistent with the life term recommended* by the Guidelines calculated by the Probation Office."); Gov. 30 (Stating in Summary of Argument: "Here, the sentencing *guidelines called for life* imprisonment. The district court extensively discussed the sentencing factors set forth in 18 U.S.C. § 3553(a) before *imposing a within-guidelines sentence consistent with the advisory range of life imprisonment*."); Gov. 38 ("the district court specifically

broad range of months that courts may view as the functional equivalent of life in any given case, it is inconceivable that Section 3553(a) or the Guidelines themselves contemplate 2,400 months as a Guideline range for the court to consider.

Furthermore, the court's reference to disparity did not acknowledge or respond to the disparity demonstrated in the defense-submitted chart, totaling 21 pages, listing 30 cases from the Eastern District of Pennsylvania including the offenses charged, the facts involved, the sentencing range, and the ultimate sentence. Appx271-292. The government inexplicably responds by claiming it lacks detail and is "selective." Gov. 39-40. It is difficult to grasp what detail is lacking. Instead, the government submits its own string-cite of cases, listing mostly life sentences—again neglecting the distinction between a 2,400-month sentence and a life sentence—imposed in districts around the country, without any further information. Gov. 40-41 n.4. Notably, in its lengthy footnote, the government cites only a single term-of-years sentence that exceeded the one here,

---

determined to avoid any unwarranted disparities by relying upon the applicable *sentencing guidelines which called for life imprisonment*."); Gov. 38-39 ("The district court then imposed the *functional equivalent of a life sentence* as recommended by the guidelines."); Gov. 42 ("Clearly, the court considered everything that was put forth, and found persuasive that the functional equivalent of a *guideline sentence of a life term* was required."); Gov. 47 ("[the defense argument] requires a conclusion that *a life term* is unreasonable in this case").

described simply as a child pornography case, without noting the duration and severity of the offense in that case or why in the universe of offenses it is comparable to that here.  Gov. 40, n.4 (citing *United States v. Stull*, 760 F. App'x 109 (3d Cir. 2019).  Thus, in addition to missing the point—that the court below did not consider the disparity of its sentence—the government's own "comparables" suffer the very errors attributed to the defense and, at minimum, support the defense argument.

    2.    *The defense did not simply argue for "mercy," but made valid legal arguments about application of the sentencing factors.*

With regard to the other sentencing factors, the defense did not argue for "mercy" as the court suggested, but made valid legal arguments as to the defendant's age and its impact on the sentencing factors.  Appx126.  So too, the court's response that his mere "arrest" would not stop his behavior, (Appx124), was not responsive to counsel's arguments on deterrence and protection of the public, that given his age he could pose no further danger of recidivism even at the minimum sentence of 180 months or any other sentence below 2,400 months; or that a 2,400-month sentence was far greater than necessary to meet the needs of sentencing.  Appx67-68, 70, 71-74, 75.

It is here that the government looks to *Rita v. United States*, 551 U.S. 338 (2007), for support, but finds none.  In *Rita*, the Supreme Court approved a terse explanation of sentence because other parts of the record made clear that the

district court had considered the defendant's evidence and arguments—namely, the court had earlier summarized the substance of the defense arguments and engaged counsel in several extensive colloquies concerning them.  551 U.S. at 344-45. Nothing in the sentencing record here shows the district court engaged with the substance of counsel's arguments in this way.[5]  Accordingly, *Rita* is inapposite.

For these reasons, the sentence imposed below is procedurally unreasonable and must be vacated.  *See United States v. Negroni*, 638 F.3d 434, 445 (3d Cir. 2011)  ("while the District Court individually identified each § 3553(a) factor, it did not discuss some of them and, as to those it did discuss, it did not explain how they justified the frankly dramatic [sentence]. . . .  The insufficiency of the explanation prevents us from judging whether the Court "gave meaningful consideration" to the relevant factors and is itself procedural error.").

---

[5]  Nor does *Rita* undermine the acknowledge-and-respond requirement in general—this Court, including through the *en banc* decision in *Flores-Mejia*, has reaffirmed the requirement countless times post-*Rita*.  *See, e.g., Flores-Mejia*, 759 F.3d at 259; *United States v. Jones*, 740 F.3d 127, 144 (3d Cir. 2014); *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012); *United States v. Fumo*, 655 F.3d 288, 319 (3d Cir. 2011); *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010); *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007).

## II.

**Because the sentence of 2,400-months was not based on an appropriate and judicious consideration of the sentencing factors, and is far greater than necessary to achieve the purposes of sentencing, it is substantively unreasonable.**

The district court did not impose a sentence of "life" in this case, it imposed a sentence of 2,400 months (200 years). The record demonstrates that this sentence was not "premised upon appropriate and judicious consideration" of the statutory sentencing factors or the parsimony provision, none of which required a sentence of 200 years. *See United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010).

First, the government does not, and cannot, endeavor to explain how 2,400 months could possibly be sufficient but not more than necessary to meet the needs of sentencing.[6] 18 U.S.C. § 3553(a). As pointed out above, it effectively concedes this point. Gov. 39 ("It is not clear how he believes [his argument] helps him, given that a sentence of 100 years in this case would surely be a life sentence as well.").

Further, the district court's assumption here, that the recommended Guideline range was 2,400 months, improperly skewed the court's weighing of

---

[6] That is, other than to state incorrectly and without support that "The Sentencing Guidelines recommend this sentence, and [that] . . . similar sentences are routinely imposed." Gov. 46.

both the Guideline range itself, 18 U.S.C. § 3553(a)(4), and the need to avoid unwarranted disparity among defendants found guilty of similar conduct, 18 U.S.C. § 3553(a)(6). The government never confronts the false equivalency of a "life" sentence and 2,400 months, or grasps that the issue here is not about whether Mr. Zweitzig will "survive" the sentence, but the invalidity of a gratuitous 200-year sentence that by definition violates the parsimony provision, the "overarching principle" of sentencing. *United States v. Olhovsky*, 562 F.3d 530, 552 (3d Cir. 2009).

The government's response in defense of such an excessive sentence must therefore rely on the undisputed notion that child sex offenses are egregious. Gov. 43-46. But this alone cannot cure the substantive unreasonableness of the sentence, as a court may not sentence "based solely on the repugnance of the crime and in disregard of other Congressionally mandated sentencing considerations." *United States v. Goff*, 501 F.3d 250, 260 (3d Cir. 2007). Notably, the only case the government cites for support here, *United States v. MacEwan*, 445 F.3d 237 (3d Cir. 2006), was not a substantive reasonableness challenge, but an Eighth Amendment challenge to imposition of a 180-month mandatory minimum term on a repeat offender, the same mandatory minimum term at issue in this case, in which a 2,400-month sentence was imposed.

10

Finally, even the portions of the record cited by the government do not demonstrate a rational or meaningful consideration of the sentencing factors, but only a misapprehension of the defense arguments: the district court's conclusion that the defendant's "arrest," rather than a sentence of a particular length, would not act as a sufficient deterrent, (Appx124); the court's assumption that the Guidelines recommended a range of 2,400 months, and that, in itself, would avoid disparity, (Appx127), and; its mischaracterization of the defense argument as simply a request for "mercy" based upon age, (Appx126). *See United States v. Grier*, 475 F.3d 556, 571 (3d Cir.2007) (*en banc*) ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).").

Accordingly, before the Court is a sentence more than forty times Mr. Zweitzig's life expectancy, not "premised upon appropriate and judicious consideration of the relevant factors," and far greater than necessary to achieve the aims of federal sentencing. The sentence is therefore both procedurally and substantively unreasonable.

11

## <u>CONCLUSION</u>

For the reasons stated above, Mr. Zweitzig's sentence should be vacated and the matter should be remanded for resentencing.

Respectfully submitted,

*/s/ Christy Martin*
CHRISTY MARTIN
Assistant Federal Defender

BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

## **CERTIFICATE OF BAR MEMBERSHIP**

It is hereby certified that Christy Martin is a member of the bar of the Court of Appeals for the Third Circuit.


/s/ *Christy Martin*
CHRISTY MARTIN

DATED:   March 22, 2021

# **CERTIFICATION**

I, Christy Martin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that the electronic version of the attached brief was automatically scanned by Symantec Endpoint Protection, version 14.0, and found to contain no known viruses.  I further certify that the text in the electronic copy of the brief is identical to the text in the paper copies of the brief filed with the Court.

*/s/ Christy Martin*
CHRISTY MARTIN

DATED:   March 22, 2021

# **CERTIFICATE OF COMPLIANCE**

I, Christy Martin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that appellant's brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) as amended December 1, 2016, because this brief contains 2,676 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2010 for Windows 7 word count software in font size 14, type style Times New Roman.

*/s/ Christy Martin*
CHRISTY MARTIN

DATED:  March 22, 2021

## **CERTIFICATE OF SERVICE**

I, Christy Martin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed the *Reply Brief for Appellant* and served a copy upon Filing User Eric L. Gibson, Assistant United States Attorney, through the Third Circuit Court of Appeals' Electronic Case Filing (NextGen CM/ECF) system.


*/s/ Christy Martin*
CHRISTY MARTIN

DATED:  March 22, 2021